**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **ASHWIN RAMASWAMI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action File Number:** |
| **v.** | ) | **1:25-cv-04483-ELR** |
| **SHAWN MICAH TRESHER STILL, an individual, and LANDMARK COMMUNICATIONS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ANSWER OF CO-DEFENDANT LANDMARK COMMUNICATIONS, INC.**

**COMES NOW,** Landmark Communications, Inc., Co-Defendant in the above-styled action and files this, its Answer to the Plaintiff Ashwin Ramaswami's Complaint, as follows:

**FIRST DEFENSE**

Plaintiff Ashwin Ramaswami's Complaint fails to state a claim against Co-Defendant Landmark Communications, Inc. upon which relief can be granted.

**SECOND DEFENSE**

This Court may lack jurisdiction over the parties to the above-styled action.

**THIRD DEFENSE**

This Court may lack subject matter jurisdiction in the above-styled action.

## FOURTH DEFENSE

Venue may be improper.

## FIFTH DEFENSE

All actions undertaken by the Co-Defendant Landmark Communications, Inc. as averred in the Plaintiff Ashwin Ramaswami's Complaint were exercises of said Co-Defendant's First Amendment rights as afforded by the United States Constitution.

## SIXTH DEFENSE

All actions undertaken by the Co-Defendant Landmark Communications, Inc. as averred in the Plaintiff Ashwin Ramaswami's Complaint were exercises of said Co-Defendant's First Amendment rights as afforded by applicable Anti-SLAPP legislation.

## SEVENTH DEFENSE

The Co-Defendant Landmark Communications, Inc. has breached no duty, whether expressed or implied, with the Plaintiff Ashwin Ramaswami.

## EIGHTH DEFENSE

The Doctrine of Estoppel may bar some or all of the relief sought by the Plaintiff Ashwin Ramaswami in his Complaint.

## NINTH DEFENSE

Subject to and without waiving any of its other respective rights, the Co-Defendant Landmark Communications, Inc. responds to the specific averments contained in the individual and enumerated Paragraphs of the Plaintiff Ashwin Ramaswami's Complaint as follows:

1.

The averments set forth in Paragraph 1 of the Plaintiff Ramaswami's Complaint require no response from the said Defendant Landmark Communications, Inc. By way of further response, said co-Defendant denies it engaged in any outrageous, false or malicious publication of defamatory statements about the Plaintiff Ashwin Ramaswami or otherwise intended to place said Plaintiff in a false light or to cause any damage to him.

2.

The Co-Defendant Landmark Communications Inc. admits the averments set forth in Paragraph 2 of the Plaintiff Ashwin Ramaswami's Complaint.

3.

The Co-Defendant Landmark Communications, Inc. admits the averments set forth in Paragraph 3 of the Plaintiff Ashwin Ramaswami's Complaint.

4.

The Co-Defendant Landmark Communications, Inc. lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 4 of the Plaintiff Ashwin Ramaswami's Complaint.

5.

The Co-Defendant Landmark Communications, Inc. lacks knowledge as to the Plaintiff Ashwin Ramaswami's State of residency. By way of further response, all actions complained of by said Plaintiff occurred in Georgia while all parties to the above-styled action were residents of Fulton County, Georgia. Answering further, the Co-Defendant Landmark Communications, Inc. denies the matter in controversy exceeds $75,000.

6.

The Co-Defendant Landmark Communications, Inc. lacks knowledge as to State of residency of the Plaintiff Ashwin Ramaswami and accordingly lacks knowledge as to whether this Court has jurisdiction and whether venue is proper. By way of further response, said Co-Defendant admits the remaining averments set forth in Paragraph 6 of the Plaintiff Ashwin Ramaswami's Complaint.

7.

The Co-Defendant Landmark Communications, Inc. lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 7 of

the Plaintiff Ashwin Ramaswami's Complaint.

8.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 8 of the Plaintiff Ashwin Ramaswami's Complaint.

9.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 9 of the Plaintiff Ashwin Ramaswami's Complaint.

10.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 10 of the Plaintiff Ashwin Ramaswami's Complaint.

11.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 11 of the Plaintiff Ashwin Ramaswami's Complaint.

12.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 12

of the Plaintiff Ashwin Ramaswami's Complaint.

13.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 13 of the Plaintiff Ashwin Ramaswami's Complaint.

14.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 14 of the Plaintiff Ashwin Ramaswami's Complaint.

15.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 15 of the Plaintiff Ashwin Ramaswami's Complaint.

16.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 16 of the Plaintiff Ashwin Ramaswami's Complaint.

17.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 17

of the Plaintiff Ashwin Ramaswami's Complaint.

18.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 18 of the Plaintiff Ashwin Ramaswami's Complaint.

19.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 19 of the Plaintiff Ashwin Ramaswami's Complaint.

20.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 20 of the Plaintiff Ashwin Ramaswami's Complaint.

21.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 21 of the Plaintiff Ashwin Ramaswami's Complaint.

22.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 22

of the Plaintiff Ashwin Ramaswami's Complaint.

23.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 23 of the Plaintiff Ashwin Ramaswami's Complaint.

24.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 24 of the Plaintiff Ashwin Ramaswami's Complaint.

25.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 25 of the Plaintiff Ashwin Ramaswami's Complaint.

26.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 26 of the Plaintiff Ashwin Ramaswami's Complaint.

27.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 27

of the Plaintiff Ashwin Ramaswami's Complaint.

28.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 28 of the Plaintiff Ashwin Ramaswami's Complaint.

29.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 29 of the Plaintiff Ashwin Ramaswami's Complaint.

30.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 30 of the Plaintiff Ashwin Ramaswami's Complaint.

31.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 31 of the Plaintiff Ashwin Ramaswami's Complaint.

32.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 32

of the Plaintiff Ashwin Ramaswami's Complaint.

33.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 33 of the Plaintiff Ashwin Ramaswami's Complaint.

34.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 34 of the Plaintiff Ashwin Ramaswami's Complaint.

35.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 35 of the Plaintiff Ashwin Ramaswami's Complaint.

36.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 36 of the Plaintiff Ashwin Ramaswami's Complaint.

37.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 37

of the Plaintiff Ashwin Ramaswami's Complaint.

38.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 38 of the Plaintiff Ashwin Ramaswami's Complaint.

39.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 39 of the Plaintiff Ashwin Ramaswami's Complaint.

40.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 40 of the Plaintiff Ashwin Ramaswami's Complaint.

41.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 41 of the Plaintiff Ashwin Ramaswami's Complaint.

42.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 42

of the Plaintiff Ashwin Ramaswami's Complaint.

43.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 43 of the Plaintiff Ashwin Ramaswami's Complaint.

44.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 44 of the Plaintiff Ashwin Ramaswami's Complaint.

45.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 45 of the Plaintiff Ashwin Ramaswami's Complaint.

46.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 46 of the Plaintiff Ashwin Ramaswami's Complaint.

47.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 47 of the Plaintiff Ashwin Ramaswami's Complaint.

48.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 48 of the Plaintiff Ashwin Ramaswami's Complaint.

49.

The Co-Defendant Landmark Communications, Inc., admits the Fulton County School System did not produce any responsive records to the Plaintiff Ashwin Ramaswami's Open Records Request. By way of further response, said Co-Defendant lacks knowledge as to whether said Plaintiff pursued any "challenge."

50.

The Co-Defendant Landmark Communications, Inc. admits the campaign used Discord, but by way of further response, lacks knowledge sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 50 of the Plaintiff Ashwin Ramaswami's Complaint.

51.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 51 of the Plaintiff Ashwin Ramaswami's Complaint.

52.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 52 of the Plaintiff Ashwin Ramaswami's Complaint.

53.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 53 of the Plaintiff Ashwin Ramaswami's Complaint.

54.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 54 of the Plaintiff Ashwin Ramaswami's Complaint.

55.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 55 of the Plaintiff Ashwin Ramaswami's Complaint.

56.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 56 of the Plaintiff Ashwin Ramaswami's Complaint.

57.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 57 of the Plaintiff Ashwin Ramaswami's Complaint.

58.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 58 of the Plaintiff Ashwin Ramaswami's Complaint.

59.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 59 of the Plaintiff Ashwin Ramaswami's Complaint.

60.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 60 of the Plaintiff Ashwin Ramaswami's Complaint.

61.

The Co-Defendant Landmark Communications, Inc. admits that it published a flyer containing the image set forth in Paragraph 61 of the Plaintiff Ashwin Ramaswami's Complaint.

62.

The Co-Defendant Landmark Communications, Inc. admits that it published a flyer containing the image set forth in Paragraph 62 of the Plaintiff Ashwin Ramaswami's Complaint.

63.

The Co-Defendant Landmark Communications, Inc. admits that it published a flyer containing the image set forth in Paragraph 63 of the Plaintiff Ashwin Ramaswami's Complaint.

64.

The Co-Defendant Landmark Communications, Inc. admits that it published a flyer containing the image set forth in Paragraph 61 of the Plaintiff Ashwin Ramaswami's Complaint. By way of further response, said Co-Defendant admits that it directed the mailing of said flyer.

65.

The Co-Defendant Landmark Communications Inc. admits the averments set forth in Paragraph 65 of the Plaintiff Ashwin Ramaswami's Complaint.

66.

The Co-Defendant Landmark Communications Inc. admits that it did publish other campaign materials on behalf of the Co-Defendant Shawn Still.

67.

The Co-Defendant Landmark Communications Inc. admits the averments set forth in Paragraph 67 of the Plaintiff Ashwin Ramaswami's Complaint.

68.

The Co-Defendant Landmark Communications Inc. admits the averments set forth in Paragraph 68 of the Plaintiff Ashwin Ramaswami's Complaint.

69.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 69 of the Plaintiff Ashwin Ramaswami's Complaint.

70.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 70 of the Plaintiff Ashwin Ramaswami's Complaint.

71.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 71 of the Plaintiff Ashwin Ramaswami's Complaint.

72.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 72 of the Plaintiff Ashwin Ramaswami's Complaint.

73.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 73 of the Plaintiff Ashwin Ramaswami's Complaint.

74.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 74 of the Plaintiff Ashwin Ramaswami's Complaint.

75.

The Co-Defendant Landmark Communications, Inc. admits that it published the referenced flyers.

76.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 76 of the Plaintiff Ashwin Ramaswami's Complaint.

77.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 77 of the Plaintiff Ashwin Ramaswami's Complaint.

78.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 78 of the Plaintiff Ashwin Ramaswami's Complaint.

79.

The Co-Defendant Landmark Communications Inc. admits the averments set forth in Paragraph 79 of the Plaintiff Ashwin Ramaswami's Complaint.

80.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 80 of the Plaintiff Ashwin Ramaswami's Complaint.

81.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 81 of the Plaintiff Ashwin Ramaswami's Complaint.

82.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 82 of the Plaintiff Ashwin Ramaswami's Complaint.

83.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 83 of the Plaintiff Ashwin Ramaswami's Complaint.

84.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 84 of the Plaintiff Ashwin Ramaswami's Complaint.

85.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 85 of the Plaintiff Ashwin Ramaswami's Complaint. By way of further response, said Co-Defendants denies that the Plaintiff Ashwin Ramaswami can independently determine what the "Average reasonable recipient or reader of Flyer #1" understood.

86.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 86 of the Plaintiff Ashwin Ramaswami's Complaint.

87.

The averments set forth in Paragraph 87 of the Plaintiff Ashwin Rameswami's Complaint requires no response from the Co-Defendant Landmark Communications, Inc. However, by way of further response, said Co-Defendant denies that there exist any "false statements."

88.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 88 of the Plaintiff Ashwin Ramaswami's Complaint.

89.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 89 of the Plaintiff Ashwin Ramaswami's Complaint.

90.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 90 of the Plaintiff Ashwin Ramaswami's Complaint.

91.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 91 of the Plaintiff Ashwin Ramaswami's Complaint.

92.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 92 of the Plaintiff Ashwin Ramaswami's Complaint.

93.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 93 of the Plaintiff Ashwin Ramaswami's Complaint.

94.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 94 of the Plaintiff Ashwin Ramaswami's Complaint.

95.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 95 of the Plaintiff Ashwin Ramaswami's Complaint.

96.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 96 of the Plaintiff Ashwin Ramaswami's Complaint.

97.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 97 of the Plaintiff Ashwin Ramaswami's Complaint.

98.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 98 of the Plaintiff Ashwin Ramaswami's Complaint.

99.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 99 of the Plaintiff Ashwin Ramaswami's Complaint.

100.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 100 of the Plaintiff Ashwin Ramaswami's Complaint.

101.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 101 of the Plaintiff Ashwin Ramaswami's Complaint.

102.

The Co-Defendant Landmark Communications Inc. denies that it ever created a depiction of the Plaintiff Ashwin Ramaswami as "Someone soliciting children for sex." Accordingly, said Co-Defendant denies the averments set forth in Paragraph 102 of the Plaintiff Ashwin Ramaswami's Complaint.

103.

The Co-Defendant Landmark Communications Inc. admits the averments set forth in Paragraph 103 of the Plaintiff Ashwin Ramaswami's Complaint.

104.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 104 of the Plaintiff Ashwin Ramaswami's Complaint.

105.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 105 of the Plaintiff Ashwin Ramaswami's Complaint.

106.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 106 of the Plaintiff Ashwin Ramaswami's Complaint.

107.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 107 of the Plaintiff Ashwin Ramaswami's Complaint.

108.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 108 of the Plaintiff Ashwin Ramaswami's Complaint.

109.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 109 of the Plaintiff Ashwin Ramaswami's Complaint.

110.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 110 of the Plaintiff Ashwin Ramaswami's Complaint.

111.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 111 of the Plaintiff Ashwin Ramaswami's Complaint.

112.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 112 of the Plaintiff Ashwin Ramaswami's Complaint.

113.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 113 of the Plaintiff Ashwin Ramaswami's Complaint.

114.

The Co-Defendant Landmark Communications, Inc., lacks knowledge as to whether the Co-Defendant Shawn Still has or ever had ill will towards the Plaintiff Ashwin Ramaswami.

115.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 115 of the Plaintiff Ashwin Ramaswami's Complaint.

116.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 116 of the Plaintiff Ashwin Ramaswami's Complaint.

117.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 117 of the Plaintiff Ashwin Ramaswami's Complaint.

118.

The Co-Defendant Landmark Communications Inc. admits the averments set forth in Paragraph 118 of the Plaintiff Ashwin Ramaswami's Complaint.

119.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 119 of the Plaintiff Ashwin Ramaswami's Complaint.

120.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 120 of the Plaintiff Ashwin Ramaswami's Complaint.

121.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 121 of the Plaintiff Ashwin Ramaswami's Complaint.

122.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 122 of the Plaintiff Ashwin Ramaswami's Complaint.

123.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 123 of the Plaintiff Ashwin Ramaswami's Complaint.

124.

The Co-Defendant Landmark Communications, Inc. admits it was aware that the Plaintiff Ashwin Ramaswami had requested "a list of students currently attending Chattahoochee High School, Johns Creek High School, and Northview High School" when it published the "statements."

125.

The Co-Defendant Landmark Communications, Inc. admits it was aware that the Plaintiff Ashwin Ramaswami had requested "a list of students currently

attending Chattahoochee High School, Johns Creek High School, and Northview High School" when it published the "statements."

126.

The Co-Defendant Landmark Communications, Inc. admits the Co-Defendant Shawn Still had in his possession a publicly available Discord message, but by way of further response, denies the remaining averments set forth in Paragraph 126 of the Plaintiff Ashwin Ramaswami's Complaint.

127.

The Co-Defendant Landmark Communications, Inc. admits that it had a publicly available Discord message, but by way of further response, denies the remaining averments set forth in Paragraph 127 of the Plaintiff Ashwin Ramaswami's Complaint.

128.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 128 of the Plaintiff Ashwin Ramaswami's Complaint.

129.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 129 of the Plaintiff Ashwin Ramaswami's Complaint.

130.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 130 of the Plaintiff Ashwin Ramaswami's Complaint.

131.

The Co-Defendant Landmark Communications, Inc. denies that it has ever contended that the Plaintiff Ashwin Ramaswami solicited children for sex.

132.

The Co-Defendant Landmark Communications, Inc. denies that it has ever contended that the Plaintiff Ashwin Ramaswami solicited children for sex.

133.

The Co-Defendant Landmark Communications, Inc. admits that it did not retract the Flyers, and by way of further response, denies the remaining averments set forth in Paragraph 133 of the Plaintiff Ashwin Ramaswami's Complaint.

134.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 134 of the Plaintiff Ashwin Ramaswami's Complaint.

135.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 135 of the Plaintiff Ashwin Ramaswami's Complaint.

136.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 136 of the Plaintiff Ashwin Ramaswami's Complaint.

137.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 137 of the Plaintiff Ashwin Ramaswami's Complaint.

138.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 138 of the Plaintiff Ashwin Ramaswami's Complaint.

139.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 139 of the Plaintiff Ashwin Ramaswami's Complaint.

140.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 140 of the Plaintiff Ashwin Ramaswami's Complaint.

141.

The Co-Defendant Landmark Communications Inc. denies that it has caused any reputational harm to the Plaintiff Ashwin Ramaswami. By way of further

response, said Co-Defendant lacks knowledge as to what "polling" said Plaintiff is referring to in Paragraph 141 of said Plaintiff's Complaint.

142.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 142 of the Plaintiff Ashwin Ramaswami's Complaint.

143.

The Co-Defendant Landmark Communications denies that it in any way contributed to the Plaintiff Ashwin Ramaswami receiving threats or that said Co-Defendant is liable for any of said Plaintiff's "significant distress."

144.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 144 of the Plaintiff Ashwin Ramaswami's Complaint.

145.

The Co-Defendant Landmark Communications, Inc., lacks knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 145 of the Plaintiff Ashwin Ramaswami's Complaint.

146.

The Co-Defendant Landmark Communications lacks knowledge sufficient to form a belief as to the reasons why the Plaintiff Ashwin Ramaswami decided to move from the State of Georgia. By way of further response, said Co-Defendant denies that it is liable to said Plaintiff for any emotional, psychological, or reputational harm.

147.

The averments set forth in Paragraph l47 of the Plaintiff Ramaswami's Complaint require no response from the Defendant Landmark Communications, Inc.

148.

The Co-Defendant Landmark Communications, Inc. denies that it published or mailed any defamatory statements about or otherwise concerning the Plaintiff Ashwin Ramaswami.

149.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 149 of the Plaintiff Ashwin Ramaswami's Complaint.

150.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 150 of the Plaintiff Ashwin Ramaswami's Complaint.

151.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 151 of the Plaintiff Ashwin Ramaswami's Complaint.

152.

The Co-Defendant Landmark Communications Inc. denies it made any false or defamatory statements as to the Plaintiff Ashwin Ramaswami. By way of further response, any statements or publishing made by said Co-Defendant were protected by the First Amendment and applicable Anti-SLAPP legislation.

153.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 153 of the Plaintiff Ashwin Ramaswami's Complaint.

154.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 154 of the Plaintiff Ashwin Ramaswami's Complaint.

155.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 155 of the Plaintiff Ashwin Ramaswami's Complaint.

156.

The Co-Defendant Landmark Communications Inc. denies the averment set forth in Paragraph 156 of the Plaintiff Ashwin Ramaswami's Complaint.

157.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 157 of the Plaintiff Ashwin Ramaswami's Complaint.

158.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 158 of the Plaintiff Ashwin Ramaswami's Complaint.

159.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 159 of the Plaintiff Ashwin Ramaswami's Complaint.

160.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 160 of the Plaintiff Ashwin Ramaswami's Complaint.

161.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 161 of the Plaintiff Ashwin Ramaswami's Complaint.

162.

The averments set forth in Paragraph l62 of the Plaintiff Ramaswami's Complaint require no response from the Co-Defendant Landmark Communications, Inc.

163.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 163 of the Plaintiff Ashwin Ramaswami's Complaint.

164.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 164 of the Plaintiff Ashwin Ramaswami's Complaint.

165.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 165 of the Plaintiff Ashwin Ramaswami's Complaint.

166.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 166 of the Plaintiff Ashwin Ramaswami's Complaint.

167.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 167 of the Plaintiff Ashwin Ramaswami's Complaint.

168.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 168 of the Plaintiff Ashwin Ramaswami's Complaint.

169.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 169 of the Plaintiff Ashwin Ramaswami’s Complaint.

170.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 170 of the Plaintiff Ashwin Ramaswami’s Complaint.

171.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 171 of the Plaintiff Ashwin Ramaswami’s Complaint.

172.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 172 of the Plaintiff Ashwin Ramaswami’s Complaint.

173.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 173 of the Plaintiff Ashwin Ramaswami’s Complaint.

174.

The averments set forth in Paragraph l74 of the Plaintiff Ramaswami's Complaint require no response from the Co-Defendant Landmark Communications, Inc.

175.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 175 of the Plaintiff Ashwin Ramaswami's Complaint.

176.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 176 of the Plaintiff Ashwin Ramaswami's Complaint.

177.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 177 of the Plaintiff Ashwin Ramaswami's Complaint.

178.

The averments set forth in Paragraph l78 of the Plaintiff Ramaswami's Complaint require no response from the Co-Defendant Landmark Communications, Inc.

179.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 179 of the Plaintiff Ashwin Ramaswami's Complaint.

180.

The Co-Defendant Landmark Communications Inc. denies the averments set forth in Paragraph 180 of the Plaintiff Ashwin Ramaswami's Complaint.

181.

All remaining averments of liability set forth in the Plaintiff Ashwin Ramaswami's Complaint not specifically responded to herein are hereby expressly denied.

**WHEREFORE,** the Co-Defendant Landmark Communications Inc., having fully responded to the Plaintiff Ashwin Ramaswami's Complaint, respectfully petitions this Honorable Court to dismiss same, and to award all costs incurred in responding.

This 15th day of September, 2025.

**KING, YAKLIN & WILKINS, L.L.P.**

*/s/ Stephen A. Yaklin*
Stephen A. Yaklin
Georgia Bar No.: 780125
Ethan K. Pugh
Georgia Bar No.: 907697
*Co-Defendant Landmark Communications, Inc.*

192 Anderson Street, Suite 125
Marietta, Georgia 30060
(770) 424-9235
(770) 424-9239 facsimile
syaklin@kingyaklin.com
epugh@kingyaklin.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the font and point selections as set forth in Local Rule 5.1.

This 15th day of September, 2025.

**KING, YAKLIN & WILKINS, L.L.P.**

*/s/ Stephen A. Yaklin*
Stephen A. Yaklin
Georgia Bar No.: 780125
Ethan K. Pugh
Georgia Bar No.: 907697
*Co-Defendant Landmark Communications, Inc.*

192 Anderson Street, Suite 125
Marietta, Georgia 30060
(770) 424-9235
(770) 424-9239 facsimile
syaklin@kingyaklin.com
epugh@kingyaklin.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing Certificate of Compliance with the Clerk via the Court's CM/ECF system, thereby also automatically serving by e-mail notification to the following attorneys of record:

Bruce P. Brown
Bruce P. Brown Law LLC
1123 Zonolite Road, Suite 6
Atlanta, GA 30306
bbrown@brucepbrownlaw.com
*Counsel for Plaintiff Ashwin Ramaswami*

Bryan P. Tyson
Clark Hill PLC
3630 Peachtree Road NE
Suite 550
Atlanta, GA 30326
btyson@clarkhill.com
*Counsel for Co-Defendant Shawn Michael Tresher*

This 15th day of September, 2025.

**KING, YAKLIN & WILKINS, L.L.P.**

*/s/ Stephen A. Yaklin*
Stephen A. Yaklin
Georgia Bar No.: 780125
Ethan K. Pugh
Georgia Bar No.: 907697
*Co-Defendant Landmark Communications, Inc.*

192 Anderson Street, Suite 125
Marietta, Georgia 30060
(770) 424-9235
(770) 424-9239 facsimile
syaklin@kingyaklin.com
epugh@kingyaklin.com