**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ASHWIN RAMASWAMI., | |
| *Plaintiff,* | |
| v. | Civil Action No. 1:25-cv-04483-ELR |
| SHAWN STILL, *et al.,* | |
| *Defendants.* | |

**<u>DEFENDANT SHAWN STILL'S REPLY IN SUPPORT OF MOTION TO</u>**
**<u>DISMISS PLAINTIFF'S COMPLAINT</u>**

# TABLE OF CONTENTS

TABLE OF CONTENTS............................................................................................i

TABLE OF AUTHORITIES ...............................................................................ii

INTRODUCTION ..................................................................................................1

ARGUMENT AND CITATION OF AUTHORITY ........................................3

    I.    The term "soliciting children" is not false, especially when read in context. ............................................................................................................3

    II.    Sen. Still's motion presents an issue for the Court to determine, not a jury question..........................................................................................................6

    III.    Plaintiff has not met his burden on the issue of actual malice. .........11

    IV.    Plaintiff did not properly plead false light in the alternative. ...........13

CONCLUSION.....................................................................................................14

# TABLE OF AUTHORITIES

## Cases

*Am. Civ. Lib. Union, Inc. v. Zeh*,
312 Ga. 647 (2021) ................................................................................ 12

*Anderson v. The Augusta Chron.*,
355 S.C. 461 (Ct. App. 2003) ................................................................. 4

*Andrews v. D'Souza*,
696 F. Supp. 3d 1332 (N.D. Ga. 2023) ................................................. 13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................. 10, 11, 12

*Balla v. Hall*,
59 Cal. App. 5th 652, 273 Cal. Rptr. 3d 695 (2021) ............................... 5

*Beamer v. Nishiki*,
66 Haw. 572 (1983) ................................................................................. 5

*Bennett v. Hendrix*,
325 F. App'x 727 (11th Cir. 2009) .......................................................... 4

*Blankenship v. Napolitano*,
451 F. Supp. 3d 596 (S.D.W. Va. 2020) ................................................ 4

*Blankenship v. Trump*,
558 F. Supp. 3d 316 (S.D.W. Va. 2021) ................................................ 4

*Bollea v. World Championship Wrestling*,
271 Ga. App. 555 (2005) .................................................................. 5, 13

*Boyce & Isley, PLLC v. Cooper*,
153 N.C. App. 25 (2002) ......................................................................... 5

*Bryant v. Cox Enterprises*,
311 Ga. App. 230 (2011) ......................................................................... 5

*Camp v. Yeager*,
601 So. 2d 924 (Ala. 1992) ..................................................................... 5

*Cottrell v. Smith*,
    299 Ga. 517 (2016) ................................................................................................ 12

*Equity Prime Mortgage, LLC v. Greene for Congress, Inc.*,
    373 Ga. App. 441 (2024) ................................................................................. passim

*Fiske v. Stockton*,
    171 Ga. App. 601 (1984) ......................................................................................... 7

*Harte-Hanks Commc'ns, Inc. v. Connaughton*,
    491 U.S. 657 (1989) ................................................................................................ 4

*Howard v. Pope*,
    282 Ga. App. 137 (2006) ......................................................................................... 4

*Hynes v. New Hampshire Democratic Party*,
    175 N.H. 781 (2023) ................................................................................................ 5

*Jonas v. Lake Cnty. Leader*,
    953 F. Supp. 2d 1117 (D. Mont. 2013) ................................................................. 4

*Krass v. Obstacle Racing Media, LLC*,
    No. 1:19-CV-05785-JPB, 2021 WL 4824110 (N.D. Ga. Feb. 2, 2021) ..................... 14

*Ledger-Enquirer Co. v. Brown*,
    214 Ga. 422 (1958) ................................................................................................. 7

*Michel v. NYP Holdings, Inc.*,
    816 F.3d 686 (11th Cir. 2016) ................................................................................ 3

*Moore v. Lowe*,
    591 F. Supp. 3d 1087 (N.D. Ala. 2022) ................................................................. 4

*Nevada Indep. Broad. Corp. v. Allen*,
    99 Nev. 404 (1983) ................................................................................................. 4

*New York Times Co. v. Sullivan*,
    376 U.S. 254 (1964) .............................................................................................. 15

*Newman v. Delahunty*,
    293 N.J. Super. 491 (Law. Div. 1994) ................................................................... 5

*Peabody Energy Corp. v. Strata Products Worldwide, LLC*,
   375 Ga. App. 856 (2025) ................................................................ 2, 8, 9, 10

*Pritt v. Republican Nat. Comm.*,
   210 W. Va. 446 (2001) ..................................................................... 4

*Rosenblum v. Budd*,
   538 P.3d 354 (Colo. Mar. 11, 2024) ............................................. 4

*Spreadbury v. Bitterroot Pub. Libr.*,
   856 F. Supp. 2d 1195 (D. Mont. 2012) ......................................... 4

*Time, Inc. v. Hill*,
   385 U.S. 374 (1967) ......................................................................... 13

*Tirio v. Dalton*,
   2019 IL App (2d) 181019 (2019) ................................................... 4

## INTRODUCTION

In the midst of a heated political campaign with bitter recriminations from both sides, Sen. Still sent two mailers to voters, neither of which accused Plaintiff of a crime. The mailers did not accuse Plaintiff of sexual misconduct. The mailers did not accuse Plaintiff of soliciting children for sex. The mailers did not say that Plaintiff was caught soliciting children for sex. Plaintiff falsely reads that alleged defamatory innuendo into the publications.

Instead, Sen. Still only published truthful statements. The mailers are in the record for the Court to review in deciding this motion. The mailers say that Plaintiff solicited children to support his campaign by seeking to hold events in high schools and that Plaintiff solicited children's information by requesting a list of names of high school students in an Open Records Act request to use to contact them. And, while Plaintiff continues to ignore the context, the entirety of the mailers can bear only one interpretation: that the "solicitation" referenced in each mailer involved the Open Records Act request and campaign support. The Court should dismiss the lawsuit because the alleged defamatory statements are true and conditionally privileged.

Plaintiff's Response misses the mark for several reasons. First, Plaintiff argues that the term "soliciting children" was defamatory, but in doing so deliberately ignores the full content of the mailers that explain exactly what is

meant by that phrase. Ironically, he asks the Court to *ignore* the entire context of the mailers when it considers the truth of the alleged defamatory statements while at the same time asking the Court to *consider* the entire mailer in responding to Sen. Still's "lack of malice" argument. He cannot have it both ways, and the Court should analyze the alleged defamatory statement in the context of the entire mailer, which shows what the phrase "soliciting children" meant, and conclude that the statement is capable of only one non-defamatory meaning. In doing so, the Court should determine that the statement is not false and, therefore, the defamation claim fails as a matter of law.

Second, Plaintiff argues that the truth of the statements is a jury question and not a legal question. He relies primarily on two cases for that proposition, *Peabody Energy Corp. v. Strata Products Worldwide, LLC*, 375 Ga. App. 856, 860 (2025) and *Equity Prime Mortgage, LLC v. Greene for Congress, Inc.*, 373 Ga. App. 441, 445 (2024). [Doc. 16 at 15].[1] Those cases are distinguishable, and Plaintiff continues to ignore the reality of the impact of the pleading requirements in federal court—that he cannot rely on conclusory statements to get to a jury.

Third, Plaintiff tries to obscure the issue of actual malice, but the fact that the term "solicit" is capable of multiple definitions demonstrates the lack of

---

[1] All citations to filings are to the blue ECF numbers at the top of each page.

2

knowledge of falsity of the statements. Even if the Court declines to find that the alleged defamatory statements are true and therefore not actionable, it should still grant the Motion to Dismiss based on Plaintiff's failure to plead facts to support actual malice.

Fourth, and finally, Plaintiff argues that the Court should deny Sen. Still's motion to dismiss the false light claim because he can plead that cause *in the alternative*. Plaintiff, however, did not do so. The Complaint makes clear that the claim is based entirely on the same facts and is not an alternative claim.

This Court should dismiss this case and end this political fight.

## ARGUMENT AND CITATION OF AUTHORITY

**I.    The term "soliciting children" is not false, especially when read in context.**

To survive a motion to dismiss in a defamation case involving a statement on a matter of public concern, Plaintiff must plausibly allege facts showing a false statement made with actual malice. *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016). Plaintiff argues that "[t]he message Still and Landmark were communicating to recipients was clear: Ramaswami was 'caught' soliciting children for sex" and "that's how those receiving the flyers understood the message." [Doc. 16 at 7]. Those arguments are based on rank speculation and hearsay. This is a defamation lawsuit against an elected official based on

statements made during a campaign.[2] Plaintiff cannot get to a jury when Sen. Still did not allege or communicate a "clear" message that Plaintiff was "caught soliciting children for sex."

---

[2] Plaintiff's list of cases where he says courts "have routinely found that statements made during a political campaign are actionable as defamation" (which covers decades across the country under a variety of state laws), [Doc. 16 at 12], only emphasizes how unusual this lawsuit is in the political space. Most of the cited cases involve statements made by the media or public figures other than candidates. *See Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 660 (1989) (statements by newspaper about candidate); *Bennett v. Hendrix*, 325 F. App'x 727, 729 (11th Cir. 2009) (statements made because plaintiffs supported local referendum); *Equity Prime Mortg., LLC*, 373 Ga. App. at 441 (social media posts about non-campaign issues); *Rosenblum v. Budd*, 538 P.3d 354, 359 (Colo. Mar. 11, 2024) (statements by advocacy group against candidate); *Moore v. Lowe*, 591 F. Supp. 3d 1087, 1096 (N.D. Ala. 2022) (statements by online newspaper about candidate); *Blankenship v. Trump*, 558 F. Supp. 3d 316, 321 (S.D.W. Va. 2021) (statements by son of President against candidate); *Blankenship v. Napolitano*, 451 F. Supp. 3d 596, 608 (S.D.W. Va. 2020), on reconsideration in part sub nom. *Blankenship v. Fox News Network, LLC*, 510 F. Supp. 3d 356 (S.D.W. Va. 2020) (statements by media organizations about candidate); *Jonas v. Lake Cnty. Leader*, 953 F. Supp. 2d 1117, 1119 (D. Mont. 2013) (statements by newspaper, editor, and reporters); *Spreadbury v. Bitterroot Pub. Libr.*, 856 F. Supp. 2d 1195, 1198 (D. Mont. 2012) (statements by newspaper); *Anderson v. The Augusta Chron.*, 355 S.C. 461, 470 (Ct. App. 2003) (statement by newspaper); *Pritt v. Republican Nat. Comm.*, 210 W. Va. 446, 449 (2001) (statement by political party committee); *Nevada Indep. Broad. Corp. v. Allen*, 99 Nev. 404, 408–09 (1983) (statement made by TV broadcaster in interview). Others might involve candidates but do not involve defamation claims on the merits. *See Tirio v. Dalton*, 2019 IL App (2d) 181019, ¶ 20 (2019) (ruling on presuit discovery under Illinois Supreme Court rule).

The remaining cases that involve candidates are far more extreme than the case here. *See Howard v. Pope*, 282 Ga. App. 137, 138–40 (2006) (incumbent sheriff accusing challenger of distributing pornography and falsely accusing challenger of being the subject of an ongoing criminal investigation for shooting and killing a juvenile with extensive evidence incumbent knew falsity of both claims); *Hynes*

"The test to be applied in determining whether an allegedly defamatory statement constitutes an actionable statement of fact requires that the court examine the statement in its totality in the context in which it was uttered or published." *See Bollea v. World Championship Wrestling*, 271 Ga. App. 555, 558 (2005); *see also Bryant v. Cox Enterprises*, 311 Ga. App. 230, 238 (2011) (alleged defamatory statements cannot be considered in isolation to determine whether they are true or false, but the Court must construe each statement in the context of the entire writing). Looking at the *full context* of the publications at issue here, there is no conclusion that can be reached other than that there is no false statement—a

---

*v. New Hampshire Democratic Party*, 175 N.H. 781, 788–89 (2023) (challenger accused other candidate of conviction of a crime when he was prohibited from doing so after it was annulled under state law and for accusing candidate of being "disbarred" when he was only suspended); *Balla v. Hall*, 59 Cal. App. 5th 652, 678, 273 Cal. Rptr. 3d 695, 718 (2021) (on consideration of anti-SLAPP motion, finding likelihood of success when accused plaintiffs of "specific, improper actions while performing official and professional duties"); *Boyce & Isley, PLLC v. Cooper*, 153 N.C. App. 25, 30–31 (2002) (candidate stated claim for defamation when advertisement falsely advertised contingent fee as an hourly fee in large class-action case); *Newman v. Delahunty*, 293 N.J. Super. 491, 500 (Law. Div. 1994) (advertisement accusing candidate of the crime of corruption (and other crimes) under New Jersey law was actionable); *Camp v. Yeager*, 601 So. 2d 924, 926 (Ala. 1992) (advertisement claimed candidate was "reward[ed]" by Georgia Power with payments in exchange for rate increases); *Beamer v. Nishiki*, 66 Haw. 572, 581 (1983) (advertisement alleged candidate was "controlled" by known underworld figures).

context Plaintiff studiously avoids.[3] Plaintiff admits he solicited the names of minor children in his Open Records Act request, admits he did so to contact those students, and admits he did so to solicit their support for voting and for his campaign. [Doc. 1 at ¶¶ 43–47]. That is exactly what both mailers said Plaintiff did. There is no ambiguity about the message because the mailers include the actual Open Records Act request and the response by the school system. [Doc. 1 at ¶¶ 44-47, 50–56, 61, 63]. The statement that Plaintiff solicited children is true, especially when read in context of the entire mailer.

## II.     Sen. Still's motion presents an issue for the Court to determine, not a jury question.

Faced with this reality, Plaintiff demonstrates his goal: create enough smoke to say there must be a fire, so the only solution is a jury.[4] For example, Plaintiff

---

[3] One can envision a similar mailing in a political campaign: "Plaintiff **KILLS CHILDREN**" on one side, with the explanation "because of his policies on healthcare" on the other side. Georgia law requires consideration of the entire publication because the entire publication makes clear the mailer would not be accusing Plaintiff of murdering children, but rather commenting on his policy views. Incidentally, Plaintiff is the one who accused Sen. Still of "killing Georgia women" because of Sen. Still's policy views. [Doc. 9-1 at 11]; https://www.youtube.com/watch?v=EiXOk1FFoXo

[4] Plaintiff's statement that Landmark not moving to dismiss is somehow supportive of Plaintiff's opposition to Sen. Still's Motion, [Doc. 16 at 12], makes little sense. There may be any number of reasons a defendant chooses to file an answer, including limiting legal expenses, that have nothing to do with agreeing with a plaintiff that a case has merit. That is especially true when Landmark

argues that "Still is free to argue to a jury how recipients would interpret the flyers, but he cannot usurp the jury's role in determining which meaning to attribute to the flyers." [Doc. 16 at 16]. But he misstates the law when he does so.

First, Plaintiff relies on *Fiske v. Stockton*, 171 Ga. App. 601 (1984), for the concept that multiple possible meanings of a phrase gets Plaintiff past a motion to dismiss. But *Fiske* says no such thing. It was focused on the *identity* of the individual about whom the allegedly libelous statement was made. *Id*. at 602-03. And the quote Plaintiff uses is actually quoting *Ledger-Enquirer Co. v. Brown*, 214 Ga. 422, 424 (1958), which likewise focused on whether the newspaper headline was libelous when it referred to individuals committing a crime. *Id*. But *Ledger-Enquirer* makes Sen. Still's point, because it found that a lawsuit involving a statement in a headline that two individuals were bound to a higher court because of an automobile theft was properly dismissed because the "the whole item, including display lines, [when] read and construed together" meant that the article was not referring to the plaintiff. *Id*. at 425-26. The same rule applies here: the entire context demonstrates the non-defamatory nature of the mailers about which Plaintiff complains, because it includes the explanation and entire Open Records

---

asserted defenses of failure to state a claim and its First Amendment rights. [Doc. 10 at 1–2].

Act request and makes clear that the term "soliciting" is about the request for information, not a request for sexual activity.[5]

Plaintiff only cites two other cases in support of his attempt to get to a jury, *Peabody Energy Corp., LLC*, 375 Ga. App. at 860 and *Equity Prime Mortgage, LLC*, 373 Ga. App. at 445. Both are distinguishable and both were decided on the anti-SLAPP statute, which is not available in federal court.

In *Peabody*, Peabody Energy owned a large underground coal mine in Alabama. 375 Ga. App. at 857. The plaintiff, Strata Products, pumped foam (called fill material) into the mine without incident, but later that day, a fire broke out in the mine and Peabody issued a statement saying the fire involved the fill material. *Id.* Strata sued Peabody for defamation, alleging that the phrase "involving void fill material" was, at a minimum, ambiguous and could lead the reader to conclude that Strata caused the fire. *Id.* at 861.

Peabody moved to strike under the anti-SLAPP statute, arguing that there was no probability of success on Plaintiff's claim. *Id.* at 859. In dicta, the Georgia Court of Appeals mentions that "where evidence is conflicting, the issue of

---

[5] This fact further undermines Plaintiff's list of various news articles from other states using the word "solicitation" as a basis for a defamatory meaning of solicit. [Doc. 16 at 16 n.4]. Even the dictionary definition emphasizes this point—more information is needed and while Plaintiff accuses Sen. Still of "focus[ing] on a single word," [Doc. 16 at 17], it is Plaintiff that bases his entire claim on the single word "soliciting."

truthfulness is a question of fact for the jury." *Id.* at 860. The court did not decide that a motion to dismiss should be denied because there was a question of fact for jury, but rather upheld a denial of the motion to strike because Strata met its burden of showing a probability of success with regard to whether the statement could be reasonably interpreted as implying a defamatory fact about its actions being the cause of the fire, which was capable of being proved false. *Id.* at 863.

The holding in *Peabody* is not one that the Court can or should follow here. The statement at issue in this case, that Plaintiff "solicited children," is not capable of being proved false because it is true in the context of the mailers. Further, the alleged false statement in *Peabody* was ambiguous, whereas here the alleged false statement, that Plaintiff solicited children by way of the Open Records Act request and soliciting support for his campaign—which he admits—is not.

Turning to *Equity Prime*, the plaintiff sued a member of Congress over social media posts and political advertisements regarding Equity Prime Mortgage's (EPM) firing of Melissa Rolfe, who was the mother of an Atlanta police officer. 373 Ga. App. at 441-442. The Congresswoman stated that EPM "caved to the mob and wrongfully fired" Rolfe and that Rolfe "lost her job because of this nonsense." *Id.* The Georgia Court of Appeals overturned the trial court's ruling granting an anti-SLAPP motion that EPM could not demonstrate the falsity necessary to support a defamation claim. *Id.* at 444. The trial court did not determine that the statements

were true, but instead determined that they were non-actionable opinion or rhetoric. *Id.*

The statements at issue here are vastly different, because it is verifiably true that Plaintiff solicited the names of the high school students and solicited their support for his campaign. That is unlike the situation in *Equity Prime*, where the member of Congress opined that the firing was "wrongful" and "unfair." Some of those statements "may be reasonably understood to imply defamatory facts about EPM that could be proven false, and the trial court erred in concluding that EPM could not demonstrate the falsity necessary to support a defamation claim." *Id.* at 446. Here, there are no defamatory facts that could be proven as false, as Plaintiff admits that he solicited the names of the high school students and solicited their support, which is the statement over which he is now suing.

Further, both *Peabody* and *Equity Prime* were brought in state court and this case was not—and that matters. In federal court, the rules "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must do more than present the "sheer possibility that a defendant has acted unlawfully." *Id*. Thus, this Court must decide whether the allegations in the Complaint are conclusions, "not entitled to the assumption of truth." *Id*. at 679.

What Plaintiff points to cannot meet this test. This Court can determine whether the phrase "soliciting children" was truthful because the recitation that it is "false" is an element of the defamation claim and no one claims that Plaintiff solicited children for sexual purposes. [Doc. 1 at ¶ 76]. Further, this Court can determine whether the *entirety* of the mailer is false based on what Plaintiff pleads, because Plaintiff merely recites his conclusory statements about his beliefs about the claimed untruthfulness. *Iqbal*, 556 U.S. at 679. Plaintiff chose to bring this action in federal court and he must plead to make it past Rule 12's standard. That is true of his claims about whether Sen. Still accused him of the non-existent crime of solicitation[6] and whether the mailers were expressions of opinion.

### III.    Plaintiff has not met his burden on the issue of actual malice.

Plaintiff does not dispute that both he and Sen. Still are public figures nor does he dispute that Sen. Still's campaign advertising is protected free speech unless he knows that a statement is false or makes it with reckless disregard for the truth. [Doc. 16 at 26–31]. Plaintiff must plead actual malice, which "in a constitutional sense is not merely spite or ill will, or even outright hatred; it must

---

[6] Plaintiff attempts to avoid the reality that "solicitation" is not listed a crime under Georgia law by positing that Sen. Still's argument would make the statement "Jane killed Sam" not defamation per se. [Doc. 16 at 22]. But this makes sense: Jane may have killed Sam without being guilty of murder if the homicide was justifiable or in self-defense. The statement "Jane *murdered* Sam" accuses her of a crime.

constitute **actual knowledge** that a statement is false or a **reckless disregard as to its truth** or falsity." *Am. Civ. Lib. Union, Inc. v. Zeh*, 312 Ga. 647, 668 (2021) (quoting *Cottrell v. Smith*, 299 Ga. 517, 525–26 (2016)) (emphasis added).

Faced with this standard, Plaintiff claims that Sen. Still made a "tactical blunder" in his response because he knew that Plaintiff was never "'caught soliciting children' for sex, or anything else, in 'local schools,' or anyplace else." [Doc. 16 at 26]. There was no tactical blunder and no statement by Sen. Still that Plaintiff was caught soliciting children for sex. Plaintiff simply did not plead sufficient facts to overcome the high burden of actual malice involving two public figures. And Plaintiff admits that he and his campaign were soliciting children in schools—to support his campaign using information gleaned from his solicitation for information about those students. [Doc. 1 at ¶¶ 42–54].

Given that admission, Plaintiff's conclusory allegations about actual malice fail the test of *Iqbal*. 556 U.S. at 678. When a statement can mean multiple things, especially given the full context of the mailers, it is impossible for Sen. Still to have had actual knowledge or reckless disregard—because the mailer is not certainly defamatory. Thus, the mere statement of an element, "that the Statements and the impressions they left were false," [Doc. 1 at ¶ 119], *see also* [Doc. 16 at 28], is insufficient and not entitled to deference. *Iqbal*, 556 U.S. at 678.

Plaintiff continues to pretend the entire context of the mailers does not exist, but that context is relevant to the actual malice issues because they demonstrate the lack of actual knowledge of a false statement.

### IV.    Plaintiff did not properly plead false light in the alternative.

Count Two of Plaintiff's Complaint is for False Light. [Doc. 1 at ¶¶ 162–173]. In that Count, Plaintiff specifically repeats and re-alleges all of the prior paragraphs as if fully set forth therein. *Id*. at ¶ 162.

In his Response, Plaintiff argues that he may plead in the alternative. [Doc. 16 at 31–33]. While that may be, he did not do so. Plaintiff's Complaint does not allege that the Count is an alternative to the defamation claim nor does he allege any non-defamatory statements that support the claim. Instead, he incorporates the entire defamation claim as though set forth in the false light claim. It is duplicative as it relies on the same false statements and should be dismissed. *Equity Prime Mortg., LLC*, 373 Ga. App. at 444; *see Bollea*, 271 Ga. App. at 557 n.1 (quoting *Time, Inc. v. Hill*, 385 U.S. 374, 390–391 (1967) ("In order to survive as a separate cause of action, a false light claim must allege a nondefamatory statement. If the statements alleged are defamatory, the claim would be for defamation only, not false light invasion of privacy.")).

Plaintiff's reliance on recent Northern District cases undercuts his claim. The point in *Andrews v. D'Souza*, 696 F. Supp. 3d 1332, 1357 (N.D. Ga. 2023), was that

the evidence "may prove" the statements were not defamatory. But there is no room for that argument here: Plaintiff argues that the statement *must* refer to solicitation of children for sex and thus *must* be defamatory. [Doc. 16 at 16–20]. If it does not, then it is true and there is no claim for false light.[7] Plaintiff cannot have it both ways.

## CONCLUSION

This lawsuit is only about political retribution. A novice loser of a state Senate election with sour grapes is taking this Court's time over a fairly fought—but certainly bitter—campaign.

Plaintiff argues that "political campaigns do not create a license to defame." [Doc. 16 at 8]. Sen. Still agrees wholeheartedly yet Plaintiff continues to make libelous attacks of his own, including accusing Sen. Still of being a "fake elector" and seeking to overturn an election in the introduction to his Response to the Motion to Dismiss, and leaving videos posted online that continue to accuse Sen. Still of "killing Geogia women," https://www.youtube.com/watch?v=EiXOk1FFoXo, of "lying about his military service," https://www.youtube.com/watch?v=sr0ZxO7Akmo, and seeking to

---

[7] Plaintiff also cites *Krass v. Obstacle Racing Media, LLC*, No. 1:19-CV-05785-JPB, 2021 WL 4824110, at *3 (N.D. Ga. Feb. 2, 2021), but that case only summarily referenced Rule 8's standard without further explanation.

"overturn         the         will         of         the         voters,"
https://www.youtube.com/watch?v=G8UoHvarLmU.

Sen. Still understands that, by putting himself in the public eye, he needs the thick skin necessary to endure the "vehement, caustic, and sometimes unpleasantly sharp attacks" in politics. *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964). Even if Plaintiff does not understand that, Sen. Still did not make any false statements in any political advertising, did not defame Plaintiff, and should be dismissed from this lawsuit.

Respectfully submitted this 16th day of October, 2025.

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
btyson@clarkhill.com
Lewis P. Perling
Georgia Bar No. 572371
lperling@clarkhill.com
**Clark Hill PLC**
3630 Peachtree Road NE
Suite 550
Atlanta, Georgia 30326
678.370.4377 (phone)

*Counsel for Defendant Sen. Shawn Still*

**CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned certifies that the foregoing Brief has been prepared in Book Antiqua 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Bryan P. Tyson*
Bryan P. Tyson