IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ASHWIN RAMASWAMI,<br><br>    Plaintiff,<br>v.<br>SHAWN MICAH TRESHER STILL, and LANDMARK COMMUNICATIONS, INC.,<br><br>    Defendants. | Case No. 1:25-cv-04483-ELR |

**Plaintiff's Response to Defendant Still's**
**Notice of Supplemental Authority**

Plaintiff Ashwin Ramaswami files this Response to Defendant Still's Notice of Supplemental Authority (Doc. 20) and shows that the Eleventh Circuit's decision in *Pick v. Raffensperger,* No. 24-14151 (11th Cir. October 20, 2025), provides further support for the denial of Defendant Still's Motion to Dismiss.  (Defendant Landmark Communications, Inc. answered the Complaint and did not join Still's Motion to Dismiss (Doc. 10)).

In *Pick,* the defendant, Secretary of State Brad Raffesnperger, published a 240-page book about the 2020 election, *Integrity Counts*. Raffensperger's book did not mention Pick, the plaintiff, by name.  *Pick,* Slip Op. at 7.  Pick still sued, claiming that Raffensperger defamed her by stating that a video that she had presented to a Georgia Senate subcommittee had

1

been "sliced-and-diced" and by making allegedly pejorative statement about people who had referred to official ballot containers as "suitcases."  This Court granted Raffensperger's motion to dismiss and the Eleventh Circuit affirmed.

In his Notice of Supplemental Authority, Still argues that the Eleventh Circuit's decision in *Pick* supports his Motion to Dismiss in four respects:

1.  Still notes that the Eleventh Circuit, in assessing the truth or falsity of Raffensperger's statement that the video was "sliced and diced," "focused on the context of the relevant portion of the book as a whole to determine Raffensperger's 'ultimate point,' rather than just focusing on the alleged defamatory words."  (Doc. 20 at 2).  The Eleventh Circuit found that the "essential gist" of Raffensperger's statements was that "only select portions of the video" were presented was true.  Since there was no dispute that only select portions of the video had been presented to the Senate subcommittee, the Court ruled, Raffensperger's statements were "substantially true" and not defamatory.

The Eleventh Circuit's reasoning is in complete accord with the analysis and authorities cited by Ramaswami in his Response to Defendant Still's Motion to Dismiss.  (Doc. 20 at 8) ("Again, a jury could reasonably find that Still and Landmark's statement that Ramaswami was "caught soliciting children" was false.) The statement that Ramaswami was "caught soliciting

children" cannot be described as a minor "inaccuracy," like Raffensperger's words in *Pick*. Slip Op. at 19. Ramaswami was never "caught" doing anything wrong and certainly was not caught "soliciting," which the dictionary defines as "to offer to engage in sex acts."[1] This is sufficient to state a claim for defamation. And any reference to the "gist" of Defendants' statements in this case make Ramaswami's defamation claim that much stronger. As explained in detail in Ramaswami's Response Brief, "Still and Landmark included words and images that promote the very defamatory meaning of which Ramaswami complains," including using the phrase "soliciting children," *not* "soliciting information from children"; using the word "caught," which implies wrongdoing; falsely stating that Ramaswami sought children's contact information; adding imagery to the flyers designed to look like a wanted poster and stating, in oversized lettering: "NEIGHBORHOOD ALERT State Senate Candidate Ashwin Ramaswami is soliciting children in your area;" and an image of a young child receiving a call from Ramaswami alongside the bolded words: "Senate candidate Ashwin Ramaswami was caught soliciting children in local schools." (Doc. 20 at 8-9 (citing the allegations in the Complaint).

---

[1] *See, e.g.*, "Solicit." Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/solicit (last accessed Sept. 27, 2025) ("to offer to engage in sex acts and especially sexual intercourse with (someone) in exchange for pay").

3

2. Still next cites the Eleventh Circuit's holding that Raffensperger's statements that the lawyers presenting the video were attempting to mislead the Senate subcommittee were not actionable because they were statements of opinion based on "statements of fact that are true." *Pick,* Slip Op. at 22. Still states: "This supports Sen. Still's motion because the mailers in question in this case communicated Sen. Still's opinion about Ramaswami's fitness for office based on his true conduct – seeking information about children in public school." (Doc. 20 at 3.) But the mailers in question do not communicate an opinion and are not based on any true statement of fact. The mailers do not offer Still's opinion about anything, and certainly not Still's opinion about Ramaswami's "fitness for office." The mailers also did not say that Ramaswami was "seeking information about children"; they stated falsely that Ramaswami was "caught soliciting children."

Moreover, even if the flyers could somehow be construed as expressing Still's opinion, as the Eleventh Circuit stated in *Pick:* "'[a]n opinion can constitute actionable defamation if the opinion can reasonably be interpreted, according to the context of the entire writing in which the opinion appears, to state or imply defamatory facts that are capable of being proved false.'" Slip Op. at 21 (citation omitted).  Here, the flyers published by Landmark and Still state defamatory facts about Ramaswami that are capable of being proved false.

4

3. Still cites the holding in *Pick* that Raffensperger's statements that the lawyers presenting the video were attempting to mislead the Senate subcommittee were not defamatory as accusations of criminality. "In the same way," Still argues, "the mailers at issue in this case do not accuse Ramaswami of a specific crime or any crime when read in context." (Doc. 20 at 4.) Ramaswami responded to this identical argument in his Response Brief. (Doc. 16 at 20-23.) As the Eleventh Circuit stated in *Pick,* the question is whether the allegedly defamatory words "'give the impression that [a] crime is actually being charged.'" Slip Op. at 24 (citations omitted). Here, a reasonable jury could easily find that the statement that Ramaswami was "*caught* soliciting children" at a bare minimum gives the impression that Ramaswami had committed a specific crime – even without considering the accompanying images (police tape, wanted poster, etc.).

In any event, even if Still had not accused Ramaswami of committing a specific crime (which he did), the statements were still defamatory (because they are false) and defamatory per se (because they accuse Ramaswami of "some debasing act." *See* O.C.G.A. § 51-5-4(a)(2)).

4. Finally, Still notes that the Eleventh Circuit affirmed the dismissal of Pick's false light claim because Raffensperger's statements were substantially true. (Doc. 20 at 26.) That unremarkable holding does not support Raffensperger's motion to dismiss Ramaswami's false light claim.

Defendants' statements were false. In addition, Pick did not argue that *non-defamatory* statements placed her in a false light. Slip Op. at 26 n. 5. In this case, though Ramaswami alleges that the statements about him were defamatory, Ramaswami's false light claim includes the broader allegation that the statements placed Ramaswami in a false light because "they would 'lead the public to believe that Ashwin was a pedophile and/or a child predator seeking to solicit children for sex." (Doc. 1 at 33-34.)

Still's Motion to Dismiss should be denied.

Respectfully submitted this 4th day of November, 2025.

*/s/ Michael J. Teter*
Michael J. Teter
Admitted Pro Hac Vice
TETER LEGAL
P.O. Box 522365
Salt Lake City, UT 84152
Tel: (385) 262-3650
michael@teterlegal.com

*/s/ Bruce P. Brown*
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 386-6856
bbrown@brucepbrownlaw.com

*Counsel for Plaintiff Ashwin Ramaswami*

## **CERTIFICATE OF SERVICE AND CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

Pursuant to N.D. Ga. L.R. 5.1(C), I certify that the foregoing was prepared using Century Schoolbook 13 font. I electronically filed this using CM/ECF, thus electronically serving all counsel of record.

This 4th day of November, 2025.

*/s/Bruce P. Brown*
Bruce P. Brown