# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

ASHWIN RAMASWAMI,

   **Plaintiff,**

v.

SHAWN MICAH TRESHER
STILL, and LANDMARK
COMMUNICATIONS, INC.,

   **Defendants.**

Case No. 1:25-cv-04483-ELR

## Plaintiff's Response to Defendant Still's
## Second Notice of Supplemental Authority

Plaintiff Ashwin Ramaswami files this Response to Defendant Still's

Second Notice of Supplemental Authority (Doc. 22) and shows that the

Eleventh Circuit's decision in *Trump v. Cable News Network, Inc.,* No. 23-

14044 (11th Cir. November 18, 2025), provides further support for the denial

of Defendant Still's Motion to Dismiss.

In *Trump,* Donald J. Trump filed a defamation action against CNN

complaining that CNN defamed him by using the phrase "Big Lie" to describe

Trump's assertions about the 2020 presidential election.  The district court

dismissed Trump's suit because the statements about which he complained

were opinion, not statements of fact.  The Eleventh Circuit affirmed.

On appeal, Trump claimed that the phrase "Big Lie" could reasonably

be interpreted by a listener as an accusation that Trump was "doing exactly what the historical record shows Hitler did in his monstrous, genocidal crimes against humanity." Slip Op at 3-4. The Eleventh Circuit found Trump's arguments "unpersuasive" because the phrase "Big Lie" was no more an assertion of fact than numerous other phrases that multiple courts had found to be inactionable statements of opinion, such as "fascist." Slip Op. at 4-5.

Initially, the Eleventh Circuit's per curiam decision in *Trump* does not establish any new law and Still's "opinion" argument is thoroughly addressed in Ramaswami's Brief in Opposition to Still's Motion to Dismiss. (Doc. 16 at 23 – 36).

In his Second Notice of Supplemental Authority, Still contends that "[w]hile the term 'soliciting' in this case is true, it is also capable of multiple meanings, like the term 'Big Lie.'" (Doc. 22 at 2). Still misses the point of *Trump* entirely. The reason "Big Lie" was not defamatory was not because it was capable of multiple meanings, but because – like "fascist" – it was a statement of opinion. There is nothing about the statement that Ramaswami was "caught soliciting children" that resembles a statement of opinion. It was published by Still and Defendant Landmark Communications, Inc. as a statement of fact and it is capable of being proven true or false. Still's argument that words that are capable of multiple meanings are ipso facto statements of opinion or otherwise not defamatory is dead wrong. Words with multiple

meanings can be defamatory if they could reasonably be construed to carry a defamatory meaning. *Bryant v. Cox Enters., Inc.*, 311 Ga. App. 230, 235 (2011). Since the dictionary definition of "solicit" is "to offer to engage in sex acts and especially sexual intercourse with (someone) in exchange for pay,"[1] it is reasonably capable of a defamatory meaning.

Still next argues that "Trump's subjective assessment of his conduct related to the 2020 election was 'not readily capable of being proven true or false.'" Like Trump, Still argues, "Still's assessment and explanation of Plaintiff's conduct is not rendered false because Plaintiff believes something different." (Doc. 22 at 2). Initially, the Eleventh Circuit was rejecting Trump's nonsensical argument that, if he and CNN had different "subjective assessments" of what "Big Lie" meant, then "Big Lie" had to be a statement of fact because either Trump's or CNN's assessment was true. The Eleventh Circuit rejected that reasoning, holding that "CNN's subjective assessment of Trump's conduct is not readily capable being proven true or false." Here, Ramaswami's defamation claim is based upon the false factual statement that Ramaswami was "caught soliciting children," not upon any statement of opinion by Still or Landmark about Ramaswami's fitness for office or any other unprovable "subjective assessment."

In fact, Still does not even contend his and Landmark's statement that Ramaswami was "caught soliciting children" was a statement of opinion. Instead,

---

[1] Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/solicit (last accessed Sept. 27, 2025)

Still states in his Second Notice that the statement "is true." (Doc. 22 at 2). That assertion – itself undermining his reliance on *Trump* – provides no basis for granting his motion to dismiss. In his Motion, Still argues that the flyers were truthful because Ramaswami was "soliciting information from a government." (Doc. 9-1 at 5). But the flyers do not say that Ramaswami was "soliciting information from a government" but that Ramaswami was "soliciting children." (Doc. 1 at ¶¶ 61-64, 76, 80.) The flyers not only say that Ramaswami was "soliciting children," but that he was "caught" doing so. (Doc. 1 at ¶¶ 61-64, 76, 80.) But Ramaswami was not "caught" doing anything wrong, and certainly was never caught soliciting children. The flyers also misrepresent Ramaswami's open records request, falsely stating that he sought children's contact information. (Doc. 1 at ¶¶ 61-64, 76, 80, 81, 86.) The flyers also contained imagery that reenforced reading the phrase "soliciting children" in a defamatory manner. One flyer included an image designed to look like a wanted poster with Ramaswami's picture that declared in oversized, bold writing: "NEIGHBORHOOD ALERT State Senate Candidate Ashwin Ramaswami is soliciting children in your area." (Doc. 1 at ¶ 63.) The other flyer contains an image of a child—who appears closer to elementary-school age than high school age—receiving a call from Ramaswami with the bolded words: "Senate candidate Ashwin Ramaswami was caught soliciting children in local schools." (Doc. 1 at ¶¶ 61, 63.)

Finally, Still argues that, since the affirmance of the granting of CNN"s motion to dismiss was affirmed by the Eleventh Circuit, this "Court should grant the motion to dismiss instead of moving this case into discovery." (Doc.

22 at 3). To the contrary. In *Trump,* there was no issue for the jury to decide because there was no interpretation of "Big Lie" that rendered it a statement of fact. Here, Still does not even argue that the flyers are not capable of a defamatory meaning, only that his interpretation is non-defamatory. It is well-settled, however, that if statements are capable of multiple interpretations, one of which is defamatory, the matter cannot be decided by the Court, but poses a question of fact for the jury. *Peabody Energy Corp. v. Strata Products Worldwide, LLC*, 375 Ga. App. 856, 860 (2025); *Fiske v. Stockton*, 171 Ga. App. 601, 602 (1984), *overruled on other grounds by Oskouei v. Matthews*, 321 Ga. 1 (2025).

Still's Motion to Dismiss should be denied.

Respectfully submitted this 25th day of November, 2025.

*/s/ Michael J. Teter*
Michael J. Teter
Admitted Pro Hac Vice
TETER LEGAL
P.O. Box 522365
Salt Lake City, UT 84152
Tel: (385) 262-3650
michael@teterlegal.com

*/s/ Bruce P. Brown*
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 386-6856
bbrown@brucepbrownlaw.com

*Counsel for Plaintiff Ashwin Ramaswami*

## CERTIFICATE OF SERVICE AND CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

Pursuant to N.D. Ga. L.R. 5.1(C), I certify that the foregoing was prepared using Century Schoolbook 13 font. I electronically filed this using CM/ECF, thus electronically serving all counsel of record.

This 25th day of November, 2025.

/s/Bruce P. Brown
Bruce P. Brown