**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ASHWIN RAMASWAMI, *Plaintiff,* v. SHAWN STILL, *et al.,* *Defendants.* | Civil Action No. 1:25-cv-04483-ELR |

**DEFENDANT SHAWN STILL'S THIRD
NOTICE OF SUPPLEMENTAL AUTHORITY**

On April 24, 2026, the United States Court of Appeals for the Eleventh Circuit reversed a verdict involving alleged defamation in a political campaign in *Moore v. Cecil*, 174 F.4th 862, 867 (11th Cir. 2026). In the case, a candidate for the United States Senate, Roy Moore, claimed that Senate Majority Political Action Committee (SMP) defamed him by running "a campaign ad that stated, among other things, in separate individual frames that (1) 'Moore was actually banned from the Gadsden Mall . . . for soliciting sex from young girls,' and (2) '[o]ne he approached "was 14 and working as Santa's helper."'" *Id*. At summary judgment, the trial court determined that "a reasonable jury could find that the juxtaposition of the statements" in two frames of the SMP ad "could produce a potentially defamatory implication." *Id*. at 873. After a trial, a jury found SMP liable for defamation and false-light invasion of privacy under Alabama law. *Id*. at 867.

The Eleventh Circuit reversed, finding that Moore was a public figure and failed to "present clear and convincing evidence that SMP published the implication in the ad with actual malice." *Id.* at 867–68. Though procedurally the appeal was decided after a trial, the opinion explains the question of law involved in determining sufficient evidence of actual malice involving public figures. This question must be determined by the trial court and cannot be delegated to the finder of fact in cases involving a political candidate. *Id.* at 878–79.

Similar to the case here, Moore alleged that the implication of the challenged ad was that he had solicited sex from a 14-year-old. *Id.* at 882 n.16. The defamation by implication was the result of stating and connecting a series of facts that "imply" a defamatory connection. *Id.* at 882. Because the allegation arises from what is implied by the communication, "it necessarily follows that the challenged statement could have multiple meanings—some defamatory and some not." *Id.* That premise is precisely what Plaintiff alleges and concedes here—that the mailers he challenges have multiple possible meanings, meaning that at least some are non-defamatory. Doc. 16 at 16–17.

The Eleventh Circuit then, for the first time in *Moore*, adopted a two-part requirement for the application of actual malice in defamation-by-implication claims involving public figures. First, a plaintiff must show "that the defendant knew of or recklessly disregarded the falsity of the implied defamatory

2

statement." *Moore*, 174 F.4th at 883. Second, a plaintiff must also show "that the defendant 'inten[ded] to communicate the defamatory meaning' or recklessly disregarded the defamatory meaning—*i.e.*, 'the defendant[] knew that the defamatory meaning was not just possible, but likely, and still made the statement despite their knowledge of that likelihood.'" *Id*. (quoting *Kendall v. Daily News Pub. Co.*, 716 F.3d 82, 90–91 (3d Cir. 2013)).

In applying this standard, the Eleventh Circuit explained that (1) the ad itself, (2) the jury's disbelief of testimony from SMP witnesses that they did not intend the implication, and (3) the fact that SMP vetted the ad so it had knowledge of the statements were all insufficient to show "the necessary intent to defame for actual malice." *Id*. at 883–85. The fact that the jury disbelieved the witnesses from SMP about their lack of intent did not establish actual malice, because it was not affirmative evidence of intent. *Id*. at 884–85. The ad itself was also not enough to demonstrate actual malice, because all it could establish is that a defamatory implication *could* be conveyed, not that one was intentionally conveyed. *Id*. at 885. Further, the research and inclusion of citations in the advertisement undercut any evidence of actual malice because it gave "readers sufficient information to weigh for themselves the likelihood of [a statement's] veracity." *Id*. at 886 (quoting *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 703 (11th Cir. 2016)). In that situation, the Court explained that the use of citations "'reduces the risk that readers will reach unfair

3

(or simply incorrect) conclusions, even if the publisher itself has.'" *Id.* (quoting *Michel*, 816 F.3d at 703). Finally, the opinion explains that "efforts to verify the accuracy of its statements militates against a finding of actual malice." *Id.* at 887. Ultimately, the evidence Moore presented could not establish actual malice under the standard of the Eleventh Circuit; therefore, his claim of defamation failed. *Id.*

Each of these factors supports Defendant Still's pending Motion to Dismiss, Doc. 9. Like the SMP ads, the mailers Plaintiff challenges included the full context, including the Open Records Act request itself, that gave "'readers sufficient information to weigh for themselves the likelihood of [a statement's] veracity." *Moore*, 174 F.4th at 886 (quoting *Michel*, 816 F.3d at 703); Doc. 9-1 at 16–19, 28. Further, the mailers were true, because Plaintiff had solicited information about children in the district. Doc. 9-1 at 16–19, 28–30. All of this demonstrates that the allegations in the Complaint are insufficient to show "the necessary intent to defame for actual malice." *Moore*, 174 F.4th at 884.

The *Moore* case addresses the legal questions this Court must answer regarding actual malice applied to political candidates. This Court should decide, consistent with *Moore*, that there are no sufficient allegations of actual malice based on Plaintiff's Complaint and grant Defendant Still's Motion to Dismiss.

4

Respectfully submitted this 3rd day of June, 2026.

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
btyson@tysonyounker.law
David J. Younker
Georgia Bar No.
dyounker@tysonyounker.law
**Tyson Younker LLC**
1225 Johnson Ferry Road
Suite 600-A
Marietta, GA 30068
678.223.3160 (phone)

*Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing Notice was prepared in Book Antiqua 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Bryan P. Tyson*
Bryan P. Tyson