**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ASHWIN RAMASWAMI,<br><br>*Plaintiff*,<br><br>v.<br><br>SHAWN MICAH TRESHER STILL and LANDMARK COMMUNICATIONS, INC.,<br><br>*Defendants*. | Civil Action No. 1:25-cv-04483-ELR |

**DEFENDANT SHAWN STILL'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Shawn Micah Tresher Still (for this Answer, "Defendant") answers Plaintiff Ashwin Ramaswami's Complaint, Doc. 1, as follows:

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

This Court lacks subject matter jurisdiction in the above-styled action.

### Third Affirmative Defense

Plaintiff's claims are barred because the statements at issue are true or substantially true. O.C.G.A. § 51-5-6.

**Fourth Affirmative Defense**

Plaintiff's claims are barred because the statements at issue are statements of opinion, rhetorical hyperbole, or fair comment on a candidate's public conduct that cannot reasonably be understood as stating actual facts about Plaintiff.

**Fifth Affirmative Defense**

Plaintiff's claims are barred by the First Amendment to the United States Constitution and Article I, Section I, Paragraph V of the Georgia Constitution. The statements at issue were political speech made during an election campaign about a candidate's public conduct on a matter of public concern.

**Sixth Affirmative Defense**

Plaintiff was a candidate for public office and is a public figure for purposes of this action. Plaintiff therefore must prove by clear and convincing evidence that Defendant published a false and defamatory statement with actual malice, and he cannot do so.

**Seventh Affirmative Defense**

Plaintiff's claims are barred because the statements at issue are privileged under O.C.G.A. § 51-5-7, including as statements made in good faith in furtherance of the right of free speech in connection with an issue of public

interest or concern and as comments on the public conduct of a candidate for public office.

**Eighth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

**Ninth Affirmative Defense**

Any injury Plaintiff suffered was caused by the independent and intervening acts of third parties, including persons who made comments or threats on social media, for which Defendant is not responsible.

**Tenth Affirmative Defense**

Plaintiff's recovery, if any, is barred or must be reduced to the extent he failed to mitigate his damages.

**Eleventh Affirmative Defense**

Plaintiff's claim for punitive damages is barred or limited by O.C.G.A. §§ 51-5-11 and 51-12-5.1 and by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**Twelfth Affirmative Defense**

Defendant has breached no duty, express or implied, owed to Plaintiff.

**Thirteenth Affirmative Defense**

Plaintiff's claims for punitive damages (Count Three) and expenses of litigation (Count Four) are not independent causes of action and fail because Plaintiff's underlying claims fail.

**Fourteenth Affirmative Defense**

Plaintiff is not entitled to expenses of litigation under O.C.G.A. § 13-6-11 because Defendant has not acted in bad faith, been stubbornly litigious, or caused Plaintiff unnecessary trouble and expense, and a bona fide controversy exists.

**Fifteenth Affirmative Defense**

Plaintiff's false light claim fails because it is duplicative of his defamation claim and is subject to the same constitutional and statutory defenses.

**Sixteenth Affirmative Defense**

The doctrine of estoppel may bar some or all of the relief sought by Plaintiff.

**Seventeenth Affirmative Defense**

Defendant reserves the right to amend his defenses and to add additional ones as further information becomes available in discovery.

## RESPONSES

Defendant responds to the separately numbered paragraphs and prayer for relief contained in the Complaint below. The unnumbered headings in the Complaint are not allegations and require no response; to the extent a response is required, Defendant denies them. To the extent that any allegation is not admitted in this Answer, it is denied.

1. Defendant admits that Plaintiff purports to bring an action seeking presumed, actual, and punitive damages against Defendant and Landmark Communications, Inc. (Landmark or Codefendant). Defendant denies that he published any false or defamatory statement about Plaintiff, denies that Plaintiff is entitled to any relief, and denies the remaining allegations contained in Paragraph 1.

2. Defendant admits the allegations contained in Paragraph 2.

3. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 3 and, therefore, denies the same.

4. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 4 and, therefore, denies the same.

5. Defendant denies that the parties are citizens of different states and denies that this Court has subject matter jurisdiction under 28 U.S.C. § 1332. Defendant lacks sufficient knowledge or information with which to form a belief as to Plaintiff's domicile when this action was filed. Defendant admits that Plaintiff seeks more than $75,000, but denies that Plaintiff is entitled to any recovery. The remaining allegations in Paragraph 5 are legal conclusions to which no response is required, and Defendant therefore denies them.

6. Defendant admits that he resides in Fulton County and that he is subject to personal jurisdiction in this Court. Defendant admits that, to the extent this Court has subject matter jurisdiction over Plaintiff's claims, venue as to Defendant is proper in this Court. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 6 regarding Codefendant and, therefore, denies the same. Defendant denies the remaining allegations contained in Paragraph 6.

7. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 7 and, therefore, denies the same.

8. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 8 and, therefore, denies the same.

9. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 9 and, therefore, denies the same.

10. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 10 and, therefore, denies the same.

11. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 11 and, therefore, denies the same.

12. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 12 and, therefore, denies the same.

13. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 13 and, therefore, denies the same.

14. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 14 and, therefore, denies the same.

15. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 15 and, therefore, denies the same.

16. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 16 and, therefore, denies the same.

17. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 17 and, therefore, denies the same.

18. Defendant admits that Plaintiff was a candidate for the Georgia State Senate in District 48 in 2024 and that Defendant was the incumbent senator for that district. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 18 and, therefore, denies the same.

19. Defendant states that the records of the Georgia Government Transparency and Campaign Finance Commission speak for themselves. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 19 and, therefore, denies the same.

20. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 20 and, therefore, denies the same.

21. Defendant admits that Plaintiff faced no opposition in the 2024 Democratic primary for Senate District 48. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 21 and, therefore, denies the same.

22. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 22 and, therefore, denies the same.

23. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 23 and, therefore, denies the same.

24. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 24 and, therefore, denies the same.

25. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 25 and, therefore, denies the same.

26. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 26 and, therefore, denies the same.

27. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 27 and, therefore, denies the same.

28. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 28 and, therefore, denies the same.

29. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 29 and, therefore, denies the same.

30. Defendant admits that Plaintiff's campaign reported raising significant funds during the 2024 election cycle and states that the campaign finance disclosures for Plaintiff and Defendant speak for themselves. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 30 and, therefore, denies the same.

31. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 31 and, therefore, denies the same.

32. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 32 and, therefore, denies the same.

33. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 33 and, therefore, denies the same.

34. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 34 and, therefore, denies the same.

35. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 35 and, therefore, denies the same.

36. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 36 and, therefore, denies the same.

37. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 37 and, therefore, denies the same.

38. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 38 and, therefore, denies the same.

39. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 39 and, therefore, denies the same.

40. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 40 and, therefore, denies the same.

41. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 41 and, therefore, denies the same.

42. Defendant admits that Plaintiff submitted an Open Records Act request to the Fulton County School System in January 2024 and states that the request speaks for itself. Whether the request was "lawful" is a legal conclusion to which no response is required. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the remaining

allegations contained in Paragraph 42, including Plaintiff's motives, and, therefore, denies the same.

43. Defendant admits that Plaintiff's request solicited a list of students currently attending the three local high schools in Johns Creek: Chattahoochee High School, Johns Creek High School, and Northview High School. Defendant states that the request speaks for itself and denies any characterization of the request that is inconsistent with its text. Defendant denies the remaining allegations contained in Paragraph 43.

44. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 44 and, therefore, denies the same.

45. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 45 and, therefore, denies the same. Defendant further states that the request did not state any purpose and was not limited to students who were 17 or 18 years old, but instead solicited a list of all students attending the three schools regardless of age.

46. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 46 and, therefore, denies the same.

47. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 47 and, therefore, denies the same.

48. The allegations in Paragraph 48 regarding the scope of the Open Records Act are legal conclusions to which no response is required, and Defendant therefore denies them. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 48, including what Plaintiff knew or believed, and, therefore, denies the same.

49. Defendant admits that the Fulton County School System denied Plaintiff's request and did not produce any records. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 49 and, therefore, denies the same.

50. Defendant admits that Plaintiff's campaign used Discord. Defendant denies that each digital platform is equivalent. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 50 and, therefore, denies the same.

51. Defendant lacks sufficient knowledge or information with which to form a belief as to the settings, membership, or accessibility of Plaintiff's

campaign Discord channel or the truth of the remaining allegations contained in Paragraph 51 and, therefore, denies the same.

52. Defendant states that any posts on Plaintiff's campaign Discord channel speak for themselves. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 52 and, therefore, denies the same.

53. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 53 and, therefore, denies the same.

54. Defendant states that any posts on Plaintiff's campaign Discord channel speak for themselves. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 54 and, therefore, denies the same.

55. Defendant admits that a post on Plaintiff's campaign Discord channel contained the language quoted in Paragraph 55 and states that the post speaks for itself. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 55 and, therefore, denies the same.

56. Defendant denies the allegations contained in Paragraph 56.

57. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 57 and, therefore, denies the same.

58. Paragraph 58 states a legal conclusion to which no response is required. To the extent a response is required, Defendant states that neither flyer stated that Plaintiff violated any law by submitting an Open Records Act request, and Defendant denies the remaining allegations contained in Paragraph 58.

59. Defendant lacks sufficient knowledge or information with which to form a belief as to what Landmark knew and, therefore, denies the allegations contained in Paragraph 59. Defendant further states that neither flyer stated that Plaintiff violated any law by submitting an Open Records Act request.

60. Defendant denies the allegations contained in Paragraph 60.

61. Defendant admits that his campaign retained Landmark Communications, Inc. to prepare and mail the flyer depicted in Paragraph 61 in or around September 2024, and states that the flyer speaks for itself. Defendant denies that the flyer contains any false or defamatory statement and denies the remaining allegations contained in Paragraph 61.

62. Defendant admits that the flyer depicted in Paragraph 61 (Flyer #1) was mailed to households in Senate District 48 in or around September 2024. Defendant lacks sufficient knowledge or information with which to form a belief

as to the truth of the remaining allegations contained in Paragraph 62 and, therefore, denies the same.

63. Defendant admits that his campaign retained Landmark Communications, Inc. to prepare and mail the flyer depicted in Paragraph 63 in or around September 2024, and states that the flyer speaks for itself. Defendant denies that the flyer contains any false or defamatory statement and denies the remaining allegations contained in Paragraph 63.

64. Defendant admits that the flyer depicted in Paragraph 63 (Flyer #2) was mailed to households in Senate District 48 in or around late September 2024. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 64 and, therefore, denies the same.

65. Defendant admits that the postage indicia on both flyers state "US POSTAGE PAID LANDMARK."

66. Defendant admits that Landmark Communications, Inc. prepared or mailed other campaign materials for his campaign.

67. Defendant admits that the flyers do not contain a statement identifying who paid for them. The remaining allegations in Paragraph 67 are legal conclusions to which no response is required, and Defendant therefore

denies them. Defendant further states that the cited provisions of Georgia law speak for themselves.

68. Defendant admits that the flyers were paid for by his campaign committee and not by an independent committee or a leadership committee. Defendant denies the remaining allegations contained in Paragraph 68.

69. Paragraph 69 does not identify who allegedly asked the question, when, or in what context, and Defendant therefore lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 69 and, therefore, denies the same.

70. Paragraph 70 does not identify the neighbor, the date, or the substance of the alleged conversation, and Defendant therefore lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 70 and, therefore, denies the same.

71. Defendant admits that he did not disavow the flyers. Defendant denies the remaining allegations contained in Paragraph 71.

72. Defendant admits that he appeared on WSB radio on or around September 30, 2024, and states that the recording of the interview speaks for itself and denies any characterization of his remarks that is inconsistent with that recording. Defendant denies the remaining allegations contained in Paragraph 72.

73. Defendant admits that his campaign made payments to Landmark Communications, Inc. for mailers during the 2024 election cycle and states that his campaign finance disclosures speak for themselves. Defendant lacks sufficient knowledge or information with which to form a belief as to what individual constituents reported. Defendant denies the remaining allegations contained in Paragraph 73, including Plaintiff's estimate of the number of flyers mailed.

74. Defendant admits that his campaign sent text messages to registered voters during the 2024 campaign and states that those messages speak for themselves. Defendant denies the remaining allegations contained in Paragraph 74.

75. Defendant admits that the flyers were sent on behalf of his campaign. Defendant denies that the flyers contain any false or defamatory statement and denies the remaining allegations contained in Paragraph 75.

76. Defendant denies the allegations contained in Paragraph 76 and its subparts, including the allegation that Flyer #1 contains any false statement of fact. Defendant states that Flyer #1 speaks for itself and specifically denies that the image on Flyer #1 states or implies that Plaintiff called children to solicit sex.

77. Defendant denies the allegations contained in Paragraph 77 as phrased. Defendant states that the word "soliciting," as used in the flyers and in

its ordinary meaning, refers to asking for or seeking something, and that Plaintiff did, in fact, request a list of the students attending three high schools. Defendant denies the remaining allegations contained in Paragraph 77.

78. The allegations in Paragraph 78 are legal conclusions to which no response is required, and Defendant therefore denies them.

79. The allegations in Paragraph 79 are legal conclusions to which no response is required, and Defendant therefore denies them. Defendant further states that the cited provisions of Georgia law speak for themselves.

80. Defendant denies the allegations contained in Paragraph 80.

81. Defendant denies the allegations contained in Paragraph 81. Defendant further states that the Open Records Act request speaks for itself.

82. Defendant denies the allegations contained in Paragraph 82.

83. Defendant denies the allegations contained in Paragraph 83.

84. Defendant denies the allegations contained in Paragraph 84.

85. Defendant denies the allegations contained in Paragraph 85.

86. Defendant denies the allegations contained in Paragraph 86, including each subpart.

87. Paragraph 87 defines a term and requires no response. To the extent a response is required, Defendant denies that the flyers contain any false statements and denies the allegations contained in Paragraph 87.

88. Defendant denies the allegations contained in Paragraph 88.

89. Defendant denies the allegations contained in Paragraph 89.

90. Defendant denies the allegations contained in Paragraph 90.

91. Defendant denies the allegations contained in Paragraph 91.

92. Defendant denies the allegations contained in Paragraph 92.

93. Defendant denies the allegations contained in Paragraph 93.

94. Defendant denies the allegations contained in Paragraph 94.

95. Defendant denies the allegations contained in Paragraph 95.

96. Defendant denies the allegations contained in Paragraph 96.

97. Defendant denies the allegations contained in Paragraph 97.

98. Defendant denies the allegations contained in Paragraph 98.

99. Defendant denies the allegations contained in Paragraph 99.

100. Defendant denies the allegations contained in Paragraph 100.

101. Defendant denies the allegations contained in Paragraph 101.

102. Defendant denies the allegations contained in Paragraph 102.

103. Paragraph 103 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that the flyers depicted Plaintiff as someone soliciting children for sex and denies the remaining allegations contained in Paragraph 103.

104. Defendant denies the allegations contained in Paragraph 104.

105. Defendant denies the allegations contained in Paragraph 105.

106. Defendant admits that he posted comments on Plaintiff's LinkedIn page during the 2024 campaign and states that those posts speak for themselves. Defendant denies Plaintiff's characterization of those posts and denies the remaining allegations contained in Paragraph 106.

107. Defendant states that his LinkedIn posts speak for themselves. Defendant denies Plaintiff's characterization of those posts and denies the remaining allegations contained in Paragraph 107.

108. Defendant states that his LinkedIn posts speak for themselves. Defendant lacks sufficient knowledge or information with which to form a belief as to whether Plaintiff took the bar exam. Defendant denies the remaining allegations contained in Paragraph 108.

109. Paragraph 109 does not identify the neighbor or the date of the alleged conversation and Defendant therefore lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 109 and, therefore, denies the same.

110. Defendant admits that his campaign created a website at www.ashwinramaswami.com in or around July 2024 that contained information about Plaintiff, and states that the website speaks for itself. Defendant denies that

the website contained any false or defamatory statement and denies the remaining allegations contained in Paragraph 110.

111. Paragraph 111 does not identify when or where Defendant is alleged to have made this statement and Defendant therefore lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 111 and, therefore, denies the same.

112. Defendant admits that Plaintiff submitted his Open Records Act request in January 2024 and that the flyers were mailed in September 2024, during the general election campaign. Defendant denies that the timing of the flyers shows any intent to harm Plaintiff and denies the remaining allegations contained in Paragraph 112.

113. Defendant denies the allegations contained in Paragraph 113.

114. Defendant denies the allegations contained in Paragraph 114.

115. Defendant lacks sufficient knowledge or information with which to form a belief as to what Landmark possessed or knew and, therefore, denies the allegations contained in Paragraph 115. Defendant denies that he harbored ill will toward Plaintiff and denies that Landmark acted at his behest and on his behalf to harm Plaintiff.

116. Defendant denies the allegations contained in Paragraph 116.

117. Defendant denies the allegations contained in Paragraph 117.

118. Defendant admits that Plaintiff's counsel sent a letter dated July 14, 2025, demanding a retraction. Defendant offered to publish a retraction with specific language that Plaintiff never accepted and Defendant did not publish a retraction. Defendant states that the letter speaks for itself and Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 118 and, therefore, denies the same.

119. Defendant denies the allegations contained in Paragraph 119.

120. Defendant denies the allegations contained in Paragraph 120.

121. Defendant lacks sufficient knowledge or information with which to form a belief as to what Landmark knew and, therefore, denies the allegations contained in Paragraph 121.

122. Defendant admits that, before the flyers were mailed, he had a copy of Plaintiff's Open Records Act request, which was included on the flyers, and states that the request speaks for itself. Defendant denies the remaining allegations contained in Paragraph 122.

123. Defendant denies the allegations contained in Paragraph 123.

124. Defendant lacks sufficient knowledge or information with which to form a belief as to what Landmark possessed or knew and, therefore, denies the

allegations contained in Paragraph 124. Defendant further states that the Open Records Act request speaks for itself.

125. Defendant lacks sufficient knowledge or information with which to form a belief as to what Landmark knew and, therefore, denies the allegations contained in Paragraph 125.

126. Defendant admits that, before the flyers were mailed, he was aware of the Discord post quoted in Paragraph 55. Defendant denies the remaining allegations contained in Paragraph 126.

127. Defendant lacks sufficient knowledge or information with which to form a belief as to what Landmark possessed or knew and, therefore, denies the allegations contained in Paragraph 127.

128. Defendant denies the allegations contained in Paragraph 128.

129. Paragraph 129 does not contain sufficient information regarding when and where Defendant "regularly cited" the alleged report. Defendant admits that the report was published on the website www.ashwinramaswami.com. Defendant states that the report speaks for itself and denies the remaining allegations contained in Paragraph 129.

130. Paragraph 130 does not contain sufficient information regarding when and where Defendant "cited" "other groups" in relation to the claims at

issue in this case, so those allegations are denied. Defendant denies the remaining allegations contained in Paragraph 130.

131. Defendant denies the allegations contained in Paragraph 131 and specifically denies that either flyer stated or implied that Plaintiff sought to solicit children for sex.

132. Defendant denies the allegations contained in Paragraph 132.

133. Defendant admits that he did not retract the flyers. Defendant denies the remaining allegations contained in Paragraph 133.

134. Defendant denies the allegations contained in Paragraph 134.

135. The allegations in Paragraph 135 are legal conclusions to which no response is required, and Defendant therefore denies them. Defendant further states that the cited statutes speak for themselves and denies that the flyers imputed any crime to Plaintiff.

136. The allegations in Paragraph 136 are legal conclusions to which no response is required, and Defendant therefore denies them.

137. The allegations in Paragraph 137 are legal conclusions to which no response is required, and Defendant therefore denies them.

138. Defendant denies the allegations contained in Paragraph 138.

139. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 139 and, therefore, denies the same.

140. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 140, including its subparts, and, therefore, denies the same. Defendant further denies that he is responsible for comments or threats made by third parties.

141. Defendant lacks sufficient knowledge or information with which to form a belief as to the polling referenced in Paragraph 141, and its subparts, and, therefore, denies the allegations contained in Paragraph 141. Defendant further denies that the flyers caused Plaintiff any reputational harm.

142. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 142 and, therefore, denies the same.

143. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 143 and, therefore, denies the same. Defendant further denies that he caused any threat directed at Plaintiff or any resulting distress.

144. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 144 and, therefore, denies the same.

145. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 145 and, therefore, denies the same.

146. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 146 and, therefore, denies the same. Defendant further denies that he is liable to Plaintiff for any emotional, psychological, or reputational harm.

147. Defendant incorporates by reference his responses to the preceding paragraphs as though fully set forth herein.

148. Defendant denies the allegations contained in Paragraph 148.

149. Defendant denies the allegations contained in Paragraph 149.

150. Defendant denies the allegations contained in Paragraph 150.

151. Defendant denies the allegations contained in Paragraph 151.

152. Defendant denies the allegations contained in Paragraph 152.

153. Defendant denies the allegations contained in Paragraph 153.

154. Defendant denies the allegations contained in Paragraph 154.

155. Defendant denies the allegations contained in Paragraph 155.

156. Defendant denies the allegations contained in Paragraph 156.

157. Defendant denies the allegations contained in Paragraph 157.

158. Defendant denies the allegations contained in Paragraph 158.

159. Defendant denies the allegations contained in Paragraph 159.

160. Defendant denies the allegations contained in Paragraph 160.

161. Defendant denies the allegations contained in Paragraph 161.

162. Defendant incorporates by reference his responses to the preceding paragraphs as though fully set forth herein.

163. Defendant denies the allegations contained in Paragraph 163.

164. Defendant denies the allegations contained in Paragraph 164.

165. Defendant denies the allegations contained in Paragraph 165.

166. Defendant denies the allegations contained in Paragraph 166.

167. Defendant denies the allegations contained in Paragraph 167.

168. Defendant denies the allegations contained in Paragraph 168.

169. Defendant denies the allegations contained in Paragraph 169.

170. Defendant denies the allegations contained in Paragraph 170.

171. Defendant denies the allegations contained in Paragraph 171.

172. Defendant denies the allegations contained in Paragraph 172.

173. Defendant denies the allegations contained in Paragraph 173.

174. Defendant incorporates by reference his responses to the preceding paragraphs as though fully set forth herein.

175. Defendant denies the allegations contained in Paragraph 175.

176. Defendant denies the allegations contained in Paragraph 176.

177. Defendant denies the allegations contained in Paragraph 177.

178. Defendant incorporates by reference his responses to the preceding paragraphs as though fully set forth herein.

179. Defendant denies the allegations contained in Paragraph 179.

180. Defendant denies the allegations contained in Paragraph 180.

Defendant denies that Plaintiff is entitled to any relief he seeks, including the relief set forth in the Prayer for Relief of the Complaint.

Defendant further denies every allegation not specifically admitted in this Answer.

Respectfully submitted this 14th day of October, 2026.

/s/ Bryan P. Tyson
Bryan P. Tyson
Georgia Bar No. 515411
btyson@tysonyounker.law
David Younker
Georgia Bar No. 940387
dyounker@tysonyounker.law
**Tyson Younker LLC**
1225 Johnson Ferry Road, Suite 600-A
Marietta, Georgia 30068
678.223.3160 (office)
*Counsel for Defendant Shawn Still*

**CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing has been prepared in Book Antiqua 13-point font, one of the font and point selections approved by the Court in L.R. 5.1(C).

*/s/ Bryan P. Tyson*
Bryan P. Tyson